Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff ERIC DELAROSA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DELAROSA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>**1) THE FAIR CREDIT REPORTING ACT; AND**<br><br>**2) THE CONSUMER CREDIT REPORTING AGENCIES ACT.**<br><br>**DEMAND FOR JURY TRIAL** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

2. The plaintiff, ERIC DELAROSA (hereinafter collectively "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of the State of California, county of Los Angeles.

3. Defendant CAPITAL ONE, NATIONAL ASSOCIATION (hereinafter "CAPITAL ONE," is a national banking association.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

5. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

### III. FACTUAL ALLEGATIONS.

6. In or around January, 2005, while employed at a company called Encore Medical Technologies, Inc. (hereinafter "EMT"), Plaintiff applied for and obtained a business credit card from CAPITAL ONE for use in connection with his employment. In the course of his work, Plaintiff would make charges on the card, sign for the charges, then ensure that the payments on the card were made by EMT.

7. Eventually, Plaintiff's employment at EMT ended. At that time, there was a zero balance on the card. Plaintiff never used the card again, or authorized anyone else to use the card.

8. However, certain individuals who remained employed by EMT continued to use the card for EMT's work-related expenses – despite the fact that Plaintiff never consented to them being authorized users on the account.

9. As EMT's business declined, the company began to miss payments on the account. Although Plaintiff did not make or authorize any of the charges, or consent to the alleged authorized users, and hadn't worked at the company for years, CAPITAL ONE reported these delinquencies on Plaintiff's consumer credit reports. Plaintiff repeatedly contacted CAPITAL ONE to explain the situation, and followed CAPITAL ONE's instruction to submit a fraud report, but to no avail.

10. EMT eventually filed for bankruptcy.

11. Without any realistic prospect of obtaining payment on the account from EMT, and apparently unwilling to track down the individuals who had actually made the charges, on or around July 1, 2016, CAPITAL ONE filed a state court collection lawsuit against Plaintiff in the Superior Court for the State of California, County of Los Angeles. Plaintiff retained counsel to defend CAPITAL ONE's collection lawsuit. Immediately after Plaintiff's counsel served discovery seeking, among other things, all documents demonstrating that Plaintiff had authorized any of the charges – or had approved any of the users of the card to be authorized users – CAPITAL ONE dismissed the lawsuit.

12. At various times, including in the fall of 2016, after CAPITAL ONE dismissed its lawsuit, Plaintiff sent letters disputing the derogatory CAPITAL ONE entries on his credit report to consumer reporting agencies, such as Experian. Plaintiff's letters included accurate descriptions of the relevant facts.

13. After receiving Plaintiff's dispute letters, the reporting agencies conducted reinvestigations, in the process of which they directly contacted CAPITAL ONE (for instance, through an automated consumer dispute verification form), provided CAPITAL ONE information about Plaintiff's dispute, along with copies of his dispute letters, and inquired about the veracity of the information furnished by CAPITAL ONE.

14. CAPITAL ONE erroneously verified the debt as Plaintiff's individual responsibility, despite being aware that Plaintiff had neither made nor in any manner

authorized the charges, and despite knowing that it had dismissed the state lawsuit due to the lack of factual merit.

15. CAPITAL ONE has continued to furnish information about the debt to consumer reporting agencies. For instance, CAPITAL ONE reported the debt to Experian as $15,901 past due as of October, 2016 (as appearing on Experian's consumer disclosure dated November 16, 2016).

## FIRST CLAIM FOR RELIEF

(For Violations of the Fair Credit Reporting Act Against CAPITAL ONE and DOES 1 through 5, inclusive)

16. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 15 above.

17. Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA") section 603, codified at 15 U.S.C. §1681a(c).

18. CAPITAL ONE is a "person," as defined by the FCRA section 603, codified at 15 U.S.C. §1681a(b); and Experian, TransUnion, and Equifax are consumer reporting agencies, as defined the FCRA section 603, codified at 15 U.S.C. §1681a(f).

19. CAPITAL ONE and Does 1 through 5, inclusive, violated the FCRA by reporting inaccurate and misleading information to the consumer reporting agencies – namely, that Plaintiff owed CAPITAL ONE an amount, exceeding $15,000.00. This information was inaccurate in that it reflected liability which did not exist. Further, the information was misleading in that it implied Plaintiff had an on-going – but unsatisfied – obligation to pay approximately $15,000.00, when in fact Plaintiff had no such obligation. The inaccurately reported derogatory information suggested that Plaintiff was not creditworthy, and did not honor his own financial obligations.

20. Plaintiff properly disputed – and requested verification of – the alleged debt by written communication with major consumer reporting agencies.

21. CAPITAL ONE failed to conduct a proper investigation of the Plaintiff's dispute, failed to review information available to it, and failed to review all of the information purportedly provided to it by the credit reporting agencies, in violation of 15 U.S.C. §§1681s-2(b)(A) and 1681s-2(b)(B).

22. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, CAPITAL ONE verified the debt repeatedly, including to consumer reporting agencies, in violation of 15 U.S.C. §1681s-2(a).

23. Further, CAPITAL ONE failed to note that the debt was disputed, despite being aware of that fact, in violation of 15 U.S.C. §1681s-2(a)(3).

24. Plaintiff has suffered actual damages as a direct result of CAPITAL ONE's misconduct, including – but not limited to – mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, and anxiety. Further, Plaintiff has been denied credit opportunities as a direct and proximate result of CAPITAL ONE's erroneous derogatory credit reporting.

25. Under 15 U.S.C. §1681o, CAPITAL ONE is liable to Plaintiff for attorney's fees, costs, and actual damages. Further, since CAPITAL ONE's violations were willful, CAPITAL ONE is liable for statutory damages and punitive damages under 15 U.S.C. §1681n(a).

**SECOND CLAIM FOR RELIEF**
(For Violations of the Consumer Credit Reporting AgenciesAct Against CAPITAL ONE and DOES 1 through 5, inclusive)

26. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 25 above.

27. All of the named Defendants violated the Consumer Credit Reporting Agencies Act ("CCRAA") – in particular, Civil Code section 1785.25, inter alia – which states at subparagraph (A), "A person shall not furnish information on a

specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

28. All of the Defendants knew or should have known based upon Plaintiff's disputes and/or the information and/or documents provided to them by the reporting agencies – and by their own investigation – that the negative information they were furnishing about Plaintiff was incomplete and/or inaccurate.

29. Plaintiff properly disputed – and requested reinvestigation of – the alleged debt by written communication with major consumer reporting agencies – including Experian.

30. Defendants, and each of them, failed to conduct a proper investigation of Plaintiff's dispute, and failed to review all of the information provided to them both by Plaintiff and by the credit reporting agencies.

31. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, the Defendants repeatedly and willfully verified the alleged debts, including in the fall of 2016.

32. Further, the Defendants failed to note that the debts they were furnishing information about were disputed, despite being aware of that fact.

33. Plaintiff has suffered actual damages as a direct result of the Defendants' misconduct, including – but not limited to – being denied credit solely because of Defendants' erroneous information, and mental distress including anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, hopelessness and despair, harm to his personal relationships, indignity, stress, and anxiety.

34. Under Civil Code section 1783.31, the Defendants are liable to Plaintiff for attorney's fees, costs, punitive damages, and actual damages.

WHEREFORE, Plaintiffs request that judgment be entered in their favor against the defendants as follows:

1. Punitive and/or exemplary damages, both under common law and 15 U.S.C.

section 1681n(a);

2. Actual damages under 15 U.S.C. §1681o;

3. Costs and attorney's fees, under 15 U.S.C. §1681o;

4. For actual damages, punitive damages, attorney's fees and costs pursuant to Civil Code section 1785.31.

5. Statutory damages, actual damages, costs and attorney's fees, pursuant to Civil Code section 1788.30; and

6. General damages, with prejudgment interest as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that plaintiff ERIC DELAROSA requests a trial by jury.

DATED: November 16, 2016                    Respectfully submitted,

By: _____
Aidan W. Butler
Attorney for Plaintiff
ERIC DELAROSA